UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.                         404CR308
                           408CV033

CHARLES BOWE,

Defendant.

## ORDER

On 8/3/05, a jury found Charles Bowe guilty of various drug importation-related offenses. Doc. ## 80 (jury verdict), 106 (judgment).[1] Following an unsuccessful appeal, *U.S. v. Bowe*, 192 Fed. Appx. 871 (11th Cir. 2006), *cert. denied*, 549 U.S. 1257 (2007), Bowe moved this Court for relief pursuant to 28 U.S.C. § 2255. *See* civ. doc. # 1. Bowe presented numerous issues in his § 2255 motion, but this Court ultimately denied them all. Civ. doc. ## 21 (Report & Recommendation), 32 (adoption Order). Presently before the Court is Bowe's motion pursuant to F.R.Crim.P. 33(b)(1) for a new trial based upon newly discovered evidence.[2] Doc. # 170.

The evidentiary issues that Bowe presents in this motion were also raised (along with other issues) in his § 2255 motion. Thus, the Court addressed the facts of the case and analyzed these same issues in its Order on the § 2255 motion. Civ. doc. ## 21, 32. Nonetheless, as the standards for relief do vary between the Rule 33(b)(1) and the § 2255 contexts,[3] the Court will address each of the issues under Rule 33(b)(1)'s standards.

Bowe presents two new evidentiary discoveries that he claims entitle him to a new trial: (1) recently-discovered information regarding prior drug dealing by Damian Coverley, the government's primary trial witness, which, he claims, directly contradicts Coverley's trial testimony, and (2) new information recently provided by co-defendant Omar Theophilus regarding a drug deal by Theophilus and Coverley, which, Bowe claims, shows that he did not finance the deals as the government claimed he did. Doc. # 165.

Pursuant to F.R.Crim.P. 33(b)(1), a new trial based on newly discovered evidence is warranted only if: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." *U.S. v. Thompson*, 422 F.3d 1285, 1294 (11th Cir. 2005) (quotation and citations omitted). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." *Id.* (quotation and citation omitted).

"Motions for a new trial based on newly discovered evidence are highly disfavored in

---

[1] Unless otherwise noted, citations are to the docket in Bowe's criminal case, 404CR308. "Civ. doc." refers to documents filed under his civil (§ 2255) case, 408CV033.

[2] Federal Rule of Criminal Procedure 33(a) authorizes a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Under Rule 33(b)(1), "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Bowe's Rule 33 motion, filed 8/1/08, was thus timely filed.

[3] Under 28 U.S.C. § 2255(b), the Court may grant a new trial if it finds that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." The criteria for relief under Rule 33 is broader, allowing the Court to grant a new trial "if the interest of justice so requires." F.R.Crim.P. 33(a).

the Eleventh Circuit and should be granted only with great caution." *U.S. v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (citing *U.S. v. Devila*, 216 F.3d 1009, 1015-16 (11th Cir. 2000) (per curiam)).

### A. The Major Tapes

At trial, much of the government's case centered on the testimony of Coverley, who testified in detail about how Bowe financed his drug transactions. Bowe urges that he has discovered evidence that "directly contradicts" this testimony. Doc. # 165 at 1.

According to Bowe's motion, in a (somewhat) unrelated investigation in 2004, DEA agents apprehended Keith Major, Jr., who began offering assistance to the agents in hopes of later receiving a reduced sentence. *Id.* at 3. One way Major assisted authorities was by telephoning Coverley and offering to sell him a quantity of cocaine. *Id.* at 3-5. According to Bowe, tape recordings of this conversation would reveal that Coverley agreed to purchase the cocaine, and that he disclosed to Major the names of the individuals who financed his drug deals. *Id.* According to statements provided by Major and by an investigator who later interviewed Major, during that conversation, Coverley never named Bowe as one of his drug financiers. *Id.*

Bowe has not established that Coverley's statement to Major was (1) not merely impeaching, (2) material, or (3) likely to produce a different outcome at trial. First, Coverley's tape-recorded statement would at most constitute impeachment evidence. While this prior statement to Major would impeach Coverley's trial testimony that Bowe was his only financier, it would not undermine Coverley's testimony that Bowe financed the particular cocaine importations that were the basis of the convictions. Additionally, using the conversation to show the jury that Coverley did not mention Bowe as one of his potential financiers would likewise be nothing more than an impeachment tool, especially since there is no indication that Coverley was disclosing an exhaustive list of all of his financiers to Major. Mere impeachment testimony is not sufficient to warrant a new trial. *U.S. v. Pope*, 132 F.3d 684, 687-88 (11th Cir. 1998).

Second, this evidence is not material, as it affects only a remote collateral issue. Whether Bowe was Coverley's exclusive financier for all of his drug deals was not a necessary determination for Bowe's conviction. And the mere fact that Bowe might not have financed *all* of Coverley's drug deals in no way necessitates the conclusion that he did not finance *any* of them, such as the two deals focused on at trial. Moreover, there has been no indication that the drug purchase that Major solicited from Coverley was at all related to the drug deals that were the focus of Bowe's prosecution. As a result, Coverley's disclosure to Major of multiple potential financiers other than Bowe is not material.

Finally, a new trial would likely have the same result. As discussed in the preceding paragraphs, Coverley's claim that Bowe was his only financier for all of his drug deals was not the foundation of Bowe's conviction. Rather, Bowe was convicted because of evidence that showed that he financially backed two specific transactions undertaken by Coverley. Thus, Bowe has not satisfied Rule 33(b)(1)'s standard for a new trial based on newly discovered evidence.

There could still be hope for this newly discovered evidence, however. Of great importance to the Court's analysis is Bowe's allegation that the government knew or should have known about the link between Coverley and Major and, therefore, should

2

have disclosed it to Bowe's defense (so that these tapes could have been presented at trial). Such allegations reduce the standard by which the Court determines the need for a new trial.

"An exception [to the general Rule 33(b) standard] exists ... where it is shown that the government's case included false testimony and the prosecution knew or should have known of the falsehood. ...[I]n that event, a new trial must be held if there was any reasonable likelihood that the false testimony would have affected the judgment of the jury." *U.S. v. Antone*, 603 F.2d 566, 569 (5th Cir. 1979).[4]

Here, the relevant alleged "falsehood" is Coverley's testimony that Bowe financed all of his drug deals. Even assuming, *arguendo*, that the prosecution should have known of this falsehood, the Court is far from convinced that it is reasonably likely that the false testimony affected the jury's judgment. While this evidence indicates that, contrary to his testimony otherwise, Coverley had multiple financiers, it by no means rules out a determination that Bowe did not finance the drug deals upon which his prosecution and conviction were based. Moreover, as discussed above, the issue of whether Bowe was Coverley's exclusive financier was not material to his conviction. As a result, the Court cannot conclude that Coverley's testimony that Bowe financed all of his drug deals "affected the judgment of the jury," as required under *Antone*.

### B. Omar Theophilus' Statements

Next the Court addresses the statements that unindicted co-defendant Theophilus made to a defense investigator in the Bahamas, which Bowe claims entitles him to a new trial. At trial, Coverley testified that in one of the two major drug deals at issue, Coverley secured cash from Bowe in Florida and then flew to the Bahamas, where he met up with Theophilus and gave him the cash. *See* doc. # 165 at 8. After meeting with Theophilus, Coverley returned to Florida, and, according to Coverley, Theophilus used the money to purchase a quantity of cocaine, which he placed on a plane to the Unites States (being flown -- unbeknownst to Coverley and Theophilus -- by a government-informant pilot). *Id.* at 8-9. Coverley was waiting at the airport to meet the plane when it landed and, upon retrieving the drugs from the pilot, was arrested. *Id.* at 9.

Bowe's § 2255 investigator, however, states that Theophilus offered him a slightly different set of facts. Doc. # 165-6 at 4-5 (investigator's declaration). While he admitted that he secured the drugs that led to Coverley's arrest, Theophilus claimed that Coverley did not provide him with any cash for the purchase; rather, because Coverley in fact had no money at all, the two men had to have the cocaine fronted to them. *Id.* Accordingly, Bowe urges that this newly-discovered evidence directly rebuts Coverley's claim that Bowe funded the deal, and he therefore is entitled to a new trial.

As it did in response to Bowe's presentation of this issue in the § 2255 motion, the government vehemently argues that this evidence is nothing more than inadmissible hearsay not subject to any exception and it thus should not be considered by the Court. Doc. # 170 at 19-20; *see also* civ. doc. # 10 at 47-50. Bowe, on the other hand, maintains that the statements are admissible as statements against interest pursuant to F.R.Evid. 804(b)(3). Doc. # 171 at 6-9.

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to 10/1/81.

3

"The [Rule 33(b)] motion will be denied if ... the evidence would be inadmissible at trial...." 3 WRIGHT, KING & KLEIN, FEDERAL PRACTICE & PROCEDURE § 557 at 550 (3d ed. 2004); *see also U.S. v. Menard*, 939 F.2d 599, 600 (8th Cir. 1991) (upholding denial of Rule 33 motion for new trial where defendant proffered three affidavits consisting of inadmissible hearsay statements). The Magistrate Judge ("MJ") addressed this exact issue in his Report and Recommendation ("R&R") recommending denial of Bowe's § 2255 motion. Civ. doc. # 21. In the R&R, the MJ ultimately "decline[d] to consider the Theophilus evidence, and ... disregarded [it] as incompetent hearsay," after concluding that "the Bowe-exculpatory portion of Theophilus' statement cannot qualify as an admission against penal interest (for saying that another was not involved is not the same as saying oneself was involved)." *Id.* at 31. In its Order adopting the MJ's R&R, this Court expressed reservations about whether Theophilus' statements were sufficiently corroborated by the surrounding circumstances, as required by F.R.Evid. 804(b)(3): "[T]he Court puts no confidence in the second-hand testimony of Omar Theophilus, who is on the lam and has shown his intent to remain indefinitely in the Bahamas, where he enjoys at least some level of impunity. Theophilus has nothing to lose, especially at this juncture, by trying to help exculpate Bowe – so long as he can do so in a roundabout way from within his safety zone." Doc. # 183.

As Bowe does not present any new or different arguments or facts in his Rule 33 motion, the Court demurs to its determination in the § 2255 case that this evidence is inadmissible hearsay. As a result, it could not be presented at a new trial and therefore cannot constitute grounds for a new trial pursuant to F.R.Crim.P. 33(b).

For the foregoing reasons, the Court *DENIES* Charles Bowe's F.R.Crim.P. 33(b)(1) motion for new trial. Doc. # 165.

This day of 6 October 2009.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4